# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LOWRY, | Case No. 09cv882 BTM (WVG) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS** |
| v. | |
| METROPOLITAN TRANSIT BOARD MTBS, et al., | |
| Defendant. | |

Defendants Metropolitan Transit System ("MTS") (erroneously sued as Metropolitan Transit Board MTBS) and Torrence Joseph have moved to dismiss the First Amended Complaint ("FAC") [Doc. 43].[1]  Defendants Heritage Security Services ("Heritage") also moves separately for dismissal of the FAC.  Plaintiff has not opposed the motions.  For the following reasons, the Court **GRANTS in part** and **DENIES in part** the Motions to Dismiss.

## I.  BACKGROUND

Plaintiff's Complaint appears to arise out of an incident that occurred on September 15, 2007.  That day, Plaintiff allegedly exited the "929" bus at "12th and Imperial" and planned

---

[1]  Joseph has already filed an answer.  Thus, the Court construes Joseph's motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

1   to board the San Diego trolley going toward Old Town.   Plaintiff makes several factual

2   allegations concerning what happened next. He claims that (1) trolley security officers Jerrod

3   Gressett and Torrence Joseph assaulted Plaintiff and tried to break his wrists by handcuffing

4   him, resulting in swelling to his wrists and hands; (2) Gressett and Joseph punched Plaintiff,

5   grabbed his shirt, and threatened to beat him up; (3) Gressett forged Plaintiff's name on a

6   Notice to Appear issued to Plaintiff; (4) Joseph and Gressett falsely accused Plaintiff of

7   fighting with other people at the station; and (5) trolley security officers falsely imprisoned

8   Plaintiff for eight hours.

9      Plaintiff filed his original Complaint in April, 2009.  Defendants MTS and Joseph

10  moved to dismiss it, and the Court dismissed the Complaint against MTS entirely, but not

11  against Joseph.  Defendant Heritage did not move to dismiss the original complaint because

12  it failed to receive notice of it.

13     Plaintiff has now filed a First Amended Complaint, alleging eight causes of action

14  against all Defendants: (1) violation of his civil and constitutional rights; (2) false swearing;

15  (3) assault and battery; (4) forgery; (5) identity theft; (6) defamation; (7) false imprisonment;

16  and (8) false arrest.

17

18                          **II.  LEGAL STANDARD**

19     Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth

20  a "short and plain statement of the claim showing that the pleader is entitled to relief," and

21  "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

22  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When reviewing a motion to

23  dismiss, the allegations of material fact in plaintiff's complaint are taken as true and

24  construed in the light most favorable to the plaintiff.   *See Parks Sch. of Bus., Inc. v.*

25  *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).   But only factual allegations must be

26  accepted as true—not legal conclusions.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

27  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

28  statements, do not suffice."  *Id.*  Although detailed factual allegations are not required, the

factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

Additionally, courts construe *pro se* pleadings liberally on a defendant's motion to dismiss for failure to state a claim. *Thompson v. Davis*, 295 F.3d 890, 895, (9th Cir. 2002). The liberal construction rule "is particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). But this rule "applies only to [a] plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. National Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## III.  DISCUSSION

### A. Plaintiff's Constitutional Claims

Defendants argue that the Court should dismiss the Complaint on several different grounds. First, Defendants argue that Plaintiff has failed to adequately state a claim for violation of his constitutional rights. Plaintiff's Complaint mentions 42 U.S.C. § 1983. Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under section 1983, a plaintiff must plead "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Local government units can be "persons" under § 1983. *Monell v. New York City Dep't of Social Servs.*, 939 F.2d 881, 882 (9th Cir. 1991).

Construing Plaintiff's factual allegations liberally, it appears that he claims a deprivation of his Fourth Amendment rights under the United States Constitution when he was allegedly assaulted.

Plaintiff sues a local government entity (MTS), a private corporation (Heritage), and individuals (Joseph and Gresset).  As MTS points out, however, a local government entity will only face liability under section 1983 if the alleged constitutional deprivation was the product of a policy or custom of the local government unit.  *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  Similarly, a private corporation is only liable under § 1983 if the alleged deprivation resulted from a policy or custom.  *See id.*; *Rodriguez v. Plymouth Ambulance Srvc.*, 577 F.3d 816, 822 (7th Cir. 2009) (quoting *Johnson v. Dossey*, 515 F.3d 778 (7th Cir. 2008)).  A plaintiff can also establish section 1983 liability of a local government entity or private corporation for "failure to train" its municipal employees.  *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Plaintiff makes the following allegations regarding MTS and Heritage's policies and procedures:

> How is there policies toward people coming from the games react to them and what is there policies toward these people they say nothing about it in there policies and procedures in which I have a copy of they only if you smell of alcohol they could have after shave on or rinsed out there mouth with Listerine and that has alcohol in it. . . .  In which Metropolitan Transit Corporation who are liable in the hiring and training of security officers in which it had failed to do should go over there policies and work more in to not violating the people rights should be briefed in any changes in law which they fail to do. . . .  There policies don't state anything about the manner of a person, and failed to prove anything as far as drunk in public and failing to so that anything they did not use a breathalyzer to determine if I had alcohol in the system to determine all of the trolley security officer should carry an Intoxilyer 5000 and a BAC Datamaster to determine who is drunk or not and none of them do.  The customs of Metropolitan Transit should be reviewed because and from what I have read in there policies they have nothing . . . about what there security people do there nothing states anything as far as discipline or firing of these officers. . . .  Defendants Joseph and Gressett were hired by Metropolitan Transit Systems, Heritage Security Systems with negligence to training methods in constitutional right and civil right law.

Plaintiff's allegations are largely unintelligible.  Although he alleges that MTS's policies and training are deficient, the allegations are vague and implausible.  *See Iqbal*, 129 S. Ct. at 1949 (allegations must include facts and be plausible to survive motion to dismiss).  He

does not draw a connection between his constitutional injuries and a policy or custom, which he must do to state a claim under § 1983. *See Brown*, 520 U.S. at 403. Similarly, he fails to draw a connection between his injuries and MTS's or Heritage's failure to train their employees. Therefore, Plaintiff's § 1983 claims against MTS and Heritage are **DISMISSED without prejudice**.

Plaintiff has also alleged constitutional claims against two individual Defendants: Gresset and Joseph. Gresset and Joseph do not argue that the claims against them should be dismissed, and therefore the Court declines to do so.

**B. Plaintiff's State Law Claims Against MTS**

Plaintiff has stated a federal constitutional claim against the two individual defendants, and the Court has supplemental jurisdiction over his related state law claims. *See* 28 U.S.C. § 1367(a). The Court first addresses Plaintiff's state law claims against MTS.

MTS argues that Plaintiff's state law claims should be dismissed for failure to allege compliance with the California Government Claims Act ("CGCA"). Pursuant to the CGCA, a Plaintiff must first present a written claim to a public entity and wait for the board to act upon it before bringing a claim for money or damages against that public entity. Cal. Gov. Code § 945.4. A plaintiff's failure to plead compliance with this requirement of the CGCA is cause for dismissal. See Karim-Panahi, 839 F.2d 621, 627 (9th Cir. 1988).

Here, Plaintiff has not alleged compliance with the CGCA. Therefore, all of Plaintiff's state law claims against MTS are **DISMISSED without prejudice**.

**C. Plaintiff's State Law Claims Against Heritage and the Individual Defendants**

Plaintiff alleges several state-law claims against Gresset and Joseph, as well as

//

//

//

//

5

Heritage, their alleged employer.  Heritage may be liable for the actions of its alleged employees through the doctrine of respondeat superior.  *Baptist v. Robinson*, 143 Cal. App. 4th 151, 160 (2006) (employer vicariously liable for torts of employee under doctrine of respondeat superior).

Defendants move to dismiss each of Plaintiff's seven state-law causes of action for failure to state a claim.  The Court addresses each one below.

1.   <u>False Swearing</u>

The Court construes this as a claim for perjury.  But under California law, there is no civil cause of action for perjury; it is a criminal offense.  <u>Temple Cmty. Hosp. v. Superior Court</u>, 20 Cal. 4th 464, 472 (1999).  Accordingly, Plaintiff's perjury claims against all Defendants are **DISMISSED with prejudice**, as it is clear that further amendment would be futile.  <u>Franklin v. Murphy</u>, 245 F.2d 1221, 1228 n.9 (9th Cir. 1984) (permitting dismissal with prejudice where deficiencies would not be cured by amendment).

2.   <u>Assault and Battery</u>

To establish a claim for assault, a plaintiff must allege that he was placed into imminent apprehension of a harmful or offensive contact.  *See Lowry v. Standard Oil Co. of Cal.*, 63 Cal. App. 2d 1, 7 (1944).  To establish a claim for battery, a plaintiff must allege (1) defendant intentionally did an act which resulted in a harmful or offensive contact with plaintiff; (2) without plaintiff's consent; and (3) the harmful or offensive contact caused injury to the plaintiff.  *Fluharty v. Fluharty*, 59 Cal. App. 4th 484, 497 (1997).

Plaintiff alleges that Gresset and Joseph repeatedly punched him, grabbed his shirt, threatened him, and handcuffed him tightly, causing injury.  Construing this allegation liberally, Plaintiff has stated claims for assault and battery against Gresset, Joseph, and Heritage as their alleged employer.  Accordingly, the Court **DENIES** Heritage's Motion to Dismiss the assault and battery claims.

3.      Forgery

There is no civil cause of action based on forgery alone.  Accordingly, the Court **DISMISSES with prejudice** Plaintiff's forgery claim.


4.      Identity Theft

Although there is no cause of action called identity theft, such a claim may be construed as a claim for conversion of intangible personal property.  *See CTC Real Estate Servs. v. Lepe*, 140 Cal. App. 4th 856, 860–61 (2006) ("One's personal identifying information can be the object of theft.") (quotation marks and citations omitted).  The elements of a claim for conversion of intangible property are "(1) the plaintiff's ownership or right to possession of personal property; (2) the defendant's disposition of the property in a manner that is inconsistent with the plaintiff's property rights; and (3) resulting damages."  *Fremont Indem. Co. v. Fremont General Corp.*, 148 Cal. App. 4th 97, 119 (2007).

Here, Plaintiff appears to allege that one of the Defendants (Plaintiff does not allege who) forged his signature on the misdemeanor notice to appear.  According to the notice to appear, which Plaintiff attached to his original Complaint, the signature only indicates a promise to appear and is not an admission of guilt.  Although Plaintiff arguably alleges the first two elements of identity theft, Plaintiff fails to allege how the purported identity theft injured him.  The signature on the notice to appear is not an admission of guilt and is only a promise to appear before the San Diego Misdemeanor Arraignment Court at a stated time.  Even assuming one of the Defendants forged his signature, Plaintiff has failed to tie the forgery to an injury he suffered.[2]  Accordingly, the Court **DISMISSES without prejudice** the claim for identity theft.

//

//

_____

[2]  In his Complaint, Plaintiff cites to *People v. Cooper*, 83 Cal. App. 3d 121, 129 (1978), which states that "[i]t s not necessary, . . . that a party whose name has been forged has suffered actual damage."  But this case refers to the crime of forgery, not a civil claim for identity theft.  A civil claim requires alleging damages.  *See Fremont Indem. Co.*, 148 Cal. App. 4th at 119.

09cv882 BTM (WVG)

1

2

3    5.    Defamation

4         To state a claim for defamation, a plaintiff must plead the "intentional publication of

5    a statement of fact which is false, unprivileged, and has a natural tendency to injure or which

6    causes special damage." *Ringler Assocs. Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165,

7    1179 (2000).  The publication may be written or oral, and communication to a single person

8    is sufficient. *Id.*

9         Here, Plaintiff alleges the "statements that where [sic] made by Joseph and Gressett

10   are not true that I was fighting with other people and fighting with them."  These minimal

11   allegations fail to state a claim for defamation.  Plaintiff has failed to plead publication

12   because it is unclear when Defendants made those statements and to whom they made

13   them.[3]  His general allegations are too vague to state a claim and the Court therefore

14   **DISMISSES without prejudice** Plaintiff's defamation claim.  *See Iqbal*, 129 S. Ct. at 1949

15   (threadbare allegations insufficient to state a claim).

16

17   6.    False Imprisonment

18        To establish a civil claim for false imprisonment, a plaintiff must allege "(1) the

19   nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for

20   an appreciable period of time, however brief." *Easton v. Sutter Coast Hospital*, 80 Cal. App.

21   4th 485, 496 (2000).

22        Plaintiff has stated a claim for false imprisonment.  Plaintiff claims that he was "falsely

23   [i]mprisoned for over 8 hours when Metropolitan Transit System Trolley Security accused me

24

---

25        [3]  Although no Defendant has raised this defense, the Court also notes that the
26   common-interest exception to defamation likely applies here.  If Gressett and Joseph
     discussed Plaintiff's alleged fighting with each other or other security officers, the
27   communication would likely be privileged under the common interest exception to
     defamation.  *See* Cal. Civ. Code § 47(c) (A statement is privileged if made "[i]n a
28   communication, without malice, to a person interested therein, (1) by one who is also
     interested, or (2) by one who stands in such a relation to the person interested as to afford
     a reasonable ground for supposing the motive for the communication to be innocent, or (3)
     who is requested by the person interested to give the information.")

of being drunk in public in which I was not." Construed liberally, Plaintiff alleges all the elements of false imprisonment: he was confined against his will, without cause, for an appreciable period of time.

Heritage argues Plaintiff has not made specific allegations against it and it should therefore be dismissed. But Plaintiff mentions Gresset and Joseph in his false imprisonment cause of action, and they are allegedly Heritage's employees. Accordingly, Heritage may be liable under the doctrine of respondeat superior and the Court **DENIES** Heritage's Motion to Dismiss the false imprisonment claim.

7.    <u>False Arrest</u>

Plaintiff alleges a claim for false arrest. But false arrest and false imprisonment are not separate torts. Rather, false arrest is simply one form of false imprisonment. *Cummings v. Farmers Ins. Exch.*, 202 Cal. App. 3d 1407, 1422 (1988). Accordingly, the Court will treat these allegations as one cause of action.

8.    <u>De Facto Government Civil Conspiracy to Violate Rights</u>

The Court is unclear what cause of action Plaintiff attempts to allege in this claim. The claim is nonsensical and virtually impossible to understand. Given that Plaintiff has already alleged a violation of his constitutional rights, and that this cause of action fails to state a cause of action, the Court **DISMISSES without prejudice** Plaintiff's claim for a government civil conspiracy to violate rights.

**IV.  CONCLUSION**

For the foregoing reasons, the Court **DISMISSES without prejudice** this suit against MTS in its entirety. The Court also **DISMISSES without prejudice** the constitutional claims against Heritage, but the constitutional claims against the individual defendants survive. Furthermore, the Court **DISMISSES with prejudice** as to all Defendants, the false swearing claim, and **DISMISSES without prejudice** the forgery, identity theft, defamation and government civil conspiracy claims. Thus, Plaintiff's surviving state-law claims are the claims

1  against Heritage and the individual defendants for assault and battery, false imprisonment

2  and false arrest.

3        If Plaintiff wishes to file a Second Amended Complaint correcting the deficiencies

4  above, he must do so within fourteen days of the issuance of this order.  This is the last

5  amendment the Court will permit.

6  **IT IS SO ORDERED.**

7  DATED:  April 16, 2010

8

9                                    Honorable Barry Ted Moskowitz
                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10