1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  DARYL LOWRY,<br><br>12                                        Plaintiff,<br><br>13       v.<br><br>14  METROPOLITAN TRANSIT BOARD<br>15  MTBS, et al.,<br><br>16                                     Defendants. | Case Nos. 09cv00882; 09cv00898;<br>09cv01141 BTM (WVG)<br><br>**ORDER ADOPTING THE FINDINGS<br>AND CONCLUSIONS OF THE<br>MAGISTRATE JUDGE AND<br>GRANTING THE MOTIONS TO<br>DISMISS BY DEFENDANTS<br>HERITAGE SECURITY SERVICES<br>AND JERROD GRESSETT** |

17

18        The above-captioned cases[1] arise out of three separate encounters between Plaintiff

19 Daryl Lowry and the various individual defendants occurring on or about San Diego's public

20 transportation system.[2]    On May 20, 2011, Defendants Heritage Security Services

21 ("Heritage") filed a motion for terminating sanctions in each of the three above-captioned

22 cases. (See Doc. 88).  Defendant Jerrod Gressett, who is named as a defendant in case

23 number 09cv00882 only, joined in the motion for terminating sanctions in that case.  (See

24 Doc. 89, "Amended Notice of Defendants Heritage Security Services' and Jerrod Gressett's

25

_____

26        [1]All references to documents on the Court's docket shall be to documents in the
    09cv00882 BTM (WVG) matter.
27

28        [2]For a more detailed review of the factual allegations, remaining defendants, and
    remaining claims in each of the three cases, see the Court's March 12, 2012 Order Denying
    Plaintiff's Motions for Summary Judgment (Doc. 115 in Case No. 09cv00882, at 2-3).

1    Motion for Terminating Sanctions," filed May 24, 2011.)  On July 7, 2011, Magistrate Judge

2    William V. Gallo entered a Report and Recommendation in each case.  (See Doc. 103.)

3        In the Report and Recommendation, Magistrate Judge Gallo found that Mr. Lowry

4    acted with wilful disobedience of a court order in refusing to answer interrogatories (including

5    a request for Mr. Lowry's address) (id. at 19-25), and that he acted in bad faith in refusing

6    to submit to a deposition (id. at 25-27).  The Report and Recommendation also noted that

7    Mr. Lowry "repeatedly has broken his promises to conduct himself in a courteous manner in

8    his dealing with the Court and counsel" (id. at 29), and it provided, as an example, a

9    transcript of a disturbing voice message left by Mr. Lowry on the telephone system for

10   counsel for Heritage and Mr. Gressett (id. at 6-7).   Ultimately, Magistrate Judge Gallo

11   concluded that terminating sanctions were appropriate, particularly since Mr. Lowry's

12   obstreperous conduct persisted even after he was expressly warned that terminating

13   sanctions could issue:

14           The undersigned is certain that any sanction short of termination of these
             cases will ultimately fail to reign in Plaintiff's conduct or compel him to conform
15           his behavior.  This assessment is based on the undersigned's observation of
             the Plaintiff; multiple unheeded warnings, both informally on the telephone and
16           in person and formally on the record and in written orders; his continued failure
             to abide by the Court's orders; and his active obstruction of the litigation
17           process.  Stern warnings have not worked, the possibility of lesser sanctions
             have not worked, and monetary sanctions will be empty and ineffective
18           because Plaintiff has qualified to proceed in forma pauperis and does not have
             any assets.

19

20   (Id. at 33.)   Magistrate Judge Gallo recommended granting the motion for terminating

21   sanctions as to Heritage, except insofar as Heritage sought costs incurred from Mr. Lowry's

22   refusal to comply with discovery orders, reasoning that "[t]he practical reality here is that

23   Plaintiff . . . has no assets against which Heritage could collect a costs award." (Id. at 37.)

24       On August 5, 2011, Mr. Lowry filed his Objections to the Report and

25   Recommendation.  (See Doc. 106.)  Mr. Lowry's objections are without merit.  He insists,

26   inter alia, that he does not feel right being deposed unless and until an attorney is appointed

27   as a matter of right (id. at 1-2), that Magistrate Judge Gallo "over stepped his bounds as a

28   judge of the court" by finding that Mr. Lowry had lied at a hearing (id. at 2), that the only

1 reason counsel for the defendants could be seeking his permanent address is "because they
2 want to spy on me and violate my right to privacy which is not fair to me" (id.), that he
3 deserves attorneys' fees at a rate of $250.00 per hour for 1,500 hours spent litigating his
4 cases (id. at 5), and that his cases should not be dismissed based on his failure to appear
5 at a deposition because "my deposition was done with the complaint I really don't have to say
6 anything to these people the[y] have it in writing" (id. at 6).  In short, Mr. Lowry fails to
7 respond in any substantive way to the findings and conclusions in Magistrate Judge Gallo's
8 Report and Recommendation.

9 　　　Heritage and Mr. Gressett object to the Report and Recommendation only insofar as
10 it "does not mention the disposition of Case Number 09-CV-00882 with respect to Defendant
11 Jerrod Gressett[, who] jointly moved for sanctions with Heritage."  (Doc. 107, Heritage and
12 Gressett's "Objections to Report and Recommendation," at 1.)  Attached to their objections
13 as an exhibit is a copy of their amended notice of motion (Doc. 89), clarifying that Mr.
14 Gressett indeed jointly moved for terminating sanctions.  (See id. at 4-5 of 8.)

15 　　　The Court has reviewed the Report and Recommendation and the parties' Objections
16 pursuant to 28 U.S.C. § 636(b)(1).  Section 636(b)(1) provides that:  "A judge of the court
17 shall make a de novo determination of those portions of the report or specified proposed
18 findings or recommendations to which objection is made.  A judge of the court may accept,
19 reject, or modify, in whole or in part, the findings or recommendations made by the
20 magistrate judge."  28 U.S.C. § 636(b)(1).

21 　　　The Court has reviewed de novo the Report and Recommendation.  The Court finds
22 that Mr. Gressett jointly moved with Heritage for terminating sanctions, and the basis for
23 dismissal as to Heritage applies equally to Mr. Gressett.  The Court further finds that Mr.
24 Lowry's objections are entirely without merit.  The Court is reluctant to impose the sanction
25 of dismissal.  However, it is clear that Mr. Lowry will not comply with the Court's orders.  As
26 to his deposition, in his Objections he states: "[T]hey want a deposition without an attorney
27 but I get paid $250.00 hr for my deposition I'll give it to them but we do with no video, and no
28 recording just stenographer there.  And no questions about my past because none of this has

1  anything to do[ ]with what happen at any of the times or dates of which is stated in the

2  complaints." (Doc. 92 at 7-8.)

3     The Magistrate Judge properly analyzed the motion to dismiss under the applicable

4  law.  See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th

5  Cir. 2007); Valley Eng'rs v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

6  Consequently, the Court ADOPTS the findings and conclusions of the Magistrate Judge,

7  DISMISSES with prejudice all three above-captioned actions as to Defendant Heritage, and

8  DISMISSES with prejudice case number 09cv00882 as to Defendant Gressett.  The Court

9  DENIES the motion for sanctions in each of the three cases insofar as the motions seek

10  costs.

11

12  **IT IS SO ORDERED.**

13  DATED:  April 26, 2012

14  _____
   BARRY TED MOSKOWITZ, Chief Judge

15  United States District Court

16

17

18

19

20

21

22

23

24

25

26

27

28

4                    09cv00882; 09cv00898; 09cv01141 BTM (WVG)