**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARYL LOWRY,<br><br>                    Plaintiff,<br><br>    v.<br><br>METROPOLITAN TRANSIT<br>BOARD MTBS, et al.,<br><br>                    Defendants. | Case Nos. 09cv00882; 09cv00898<br>BTM (WVG)<br><br>**ORDER ADOPTING THE<br>FINDINGS AND<br>CONCLUSIONS OF THE<br>MAGISTRATE JUDGE AND<br>GRANTING DEFENDANTS'<br>MOTION TO DISMISS** |

Case Nos. 09cv00882, 09cv00898, and 09cv01141[1] arise out of three separate encounters between Plaintiff Daryl Lowry and the various individual defendants occurring on or about San Diego's public transportation system. On September 11, 2012, Defendants Metropolitan Transit System ("MTS"), Torrence Joseph ("Joseph"), and Edwin Ambriz ("Ambriz") filed a motion for terminating sanctions in each of these three cases. (See ECF No. 144.) On October 31, 2012, Magistrate Judge William V. Gallo entered a Report and Recommendation ("R&R") for all three cases. (See ECF No. 158.) This Order is as to Case Nos. 09cv00882 and 09cv00898 only. A separate order will be entered as to Case No. 09cv01141.

---

[1]All references to documents on the Court's docket shall be to documents in the 09cv00882 BTM (WVG) matter.

Under Rule 37(b) of the Federal Rules of Civil Procedure, a case may be dismissed in whole or in part for failure to obey a discovery order. Fed.R.Civ.P. 37(b)(2)(A)(v). Dismissal is appropriate only where "the party's violations of the court's orders [are] due to wilfulness or bad faith." <u>Dreith v. Nu Image, Inc.</u>, 648 F.3d 779, 788 (9th Cir. 2011). The court must consider five factors in determining whether dismissal is warranted, namely: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Id.</u> at 788 (internal quotations omitted).

The R&R is extremely thorough and painstaking in laying out what it appropriately refers to as the "tortured history" of this litigation. (<u>Id.</u> at 3.) Since this Court adopted Judge Gallo's last R&R on April 26, 2012 (<u>see</u> ECF No. 120), there are three central developments on which Defendants' current motion for terminating sanctions is based. (<u>See</u> R&R, ECF No. 158, at 15.) First, Plaintiff has now on a second and third occasion refused to cooperate in the taking of his deposition. Second, Plaintiff has failed to properly designate experts and submit expert reports. Finally, Plaintiff has failed to appear before Judge Gallo on two separate occasions. Specifically, he demanded a settlement conference, failed to appear when the Mandatory Settlement Conference ("MSC") was scheduled, and then failed to appear for the subsequent hearing on Judge Gallo's order to show cause why he should not be sanctioned for failure to appear for the MSC. All three constitute violations of Judge Gallo's July 27, 2012 Amended Scheduling Order (<u>see</u> ECF No. 131 at 1-3).

Mr. Lowry filed his objections to the R&R *nunc pro tunc* to December 13, 2012. (<u>See</u> ECF No. 163.) In his response to the R&R, Mr. Lowry expresses remorse for his belligerent behavior and promises to conduct himself in a courteous manner going forward and attend all depositions and hearings "from now on." (<u>Id.</u> at 2-3.) He states that he has been "under an extreme amount of pressure to represent [himself]" (<u>id.</u> at 2) and has been looking for legal counsel.

09cv00882; 09cv00898 BTM (WVG)

He also explains, insofar as the Court understands it, that he failed to attend the MSC because he did not understand that the MSC and pretrial conference ("PTC") were separate hearings, and when the PTC was rescheduled, he thought that also applied to the MSC. (Id.) However, he does not explain his failure to attend the OSC hearing. While Mr. Lowry states generally that his indigence has made it difficult for him to "keep an active cell phone or a stable place of address" (id.), the fact remains that it is his duty to monitor the docket as the plaintiff in these cases.

The Court has reviewed the Report and Recommendation and Mr. Lowry's Objections pursuant to 28 U.S.C. § 636(b)(1). Section 636(b)(1) provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed *de novo* the Report and Recommendation. While the Court is reluctant to impose the sanction of dismissal, Mr. Lowry has shown a continued lack of respect for the judicial process that he himself initiated, and "[i]t is appropriate to reject lesser sanctions where the court anticipates continued deceptive misconduct." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007). Aside from his bare promises to do better in the future, Mr. Lowry has not given the Court any reason to believe that his behavior will in fact change going forward. Despite some defendants having already been terminated as a result of his misconduct, Mr. Lowry has continued to behave inappropriately despite repeated warnings from Judge Gallo, including warnings that his behavior could result in terminating sanctions, and Mr. Lowry has not convinced the Court that he will heed Judge Gallo's warnings this time around. Mr. Lowry has lied, refused to cooperate with Defendants' attempts to conduct discovery, and otherwise has made it next to impossible for Defendants to garner information about Plaintiff's case. In short, Mr. Lowry's "pattern of deception and discovery abuse" makes it impossible to proceed

"with any reasonable assurance that the truth would be available." Id.

The Magistrate Judge properly analyzed the motion to dismiss under the applicable law. See New Images, 482 F.3d at 1096; Valley Eng'rs v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998). In New Images, the Ninth Circuit stated:

> In deciding whether to impose case-dispositive sanctions, the most critical factor is not merely delay or docket management concerns, but truth. "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'"

482 F.3d at 1097 (quoting Valley Eng'rs, 158 F.3d at 1057).

As in New Images, the Court finds that "[t]he record in this case . . . amply supports sanctions." Id. Consequently, the Court **ADOPTS** the findings and conclusions of the Magistrate Judge, **DISMISSES** with prejudice case number 09cv00898 as to Defendant MTS and **DISMISSES** with prejudice case number 09cv00898 and 09cv00882 as to Defendant Joseph. The Court **DENIES** the motion for sanctions in both cases insofar as the motions seek costs.

As this leaves no remaining defendants in either case, the clerk is hereby directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: August 5, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court